# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

DAVID AURTHER MCMANNIS                                                                        PLAINTIFF

V.                                        4:08CV03588 GTE/JTR

BENTON COUNTY JAIL, et al.                                                               DEFENDANTS

## ORDER OF TRANSFER

Plaintiff, who is currently confined in the Benton County Jail, has commenced this *pro se* § 1983 action alleging that Defendants violated his constitutional rights while he was detained at that facility. *See* docket entries #2 and #7. All of the Defendants reside in Benton County, and the alleged constitutional violations occurred in Benton County. *Id.* Based on these factors, it is clear that venue is proper in the United States District Court for the Western District of Arkansas. *See* 28 U.S.C. § 1391(b).[1] Accordingly, the Court concludes that the interests of justice would be best served by transferring this case to the Western District of Arkansas. *See* 28 U.S.C. § 1406(a).[2]

IT IS THEREFORE ORDERED THAT the Clerk shall immediately TRANSFER this case to the Western District of Arkansas, Fayetteville Division.

Dated this __3rd__ day of November, 2008.

      /s/Garnett Thomas Eisele
      UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1391(b) provides that, in a non-diversity case, venue is proper "only" where: (1) "any defendant resides, if all defendants reside in the same State"; (2) "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "any defendant may be found, if there is no district in which the action may otherwise be brought."

[2] 28 U.S.C. § 1406(a) provides that: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."